IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WILLIAM L. HARDING,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 23-008-RAW-JAR |
| | ) | |
| **CORE CIVIC CORRECTIONS, et al.,** | ) | |
| | ) | |
| Defendants, | ) | |

## ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff William L. Harding, a prisoner appearing pro se and seeking to bring a civil rights action, has filed a motion for leave to proceed *in forma pauperis* and supporting documentation in conformance with 28 U.S.C. § 1915(a) (Dkt. 2).  A review of his litigation history, however, indicates he has accumulated at least three prior civil rights actions that count as "strikes," pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The record shows that Plaintiff was assessed a strike in each of these three cases:  (1) *Harding v. Watch Tower Bible & Tract Society of New York, Inc.*, No. CIV 20-254-JD (W.D. Okla. May 18, 2020 (Order adopting Report and Recommendation (R&R) that § 1983 action should be dismissed for failure to state a claim for violation of federal law and for lack of subject matter jurisdiction over Plaintiff's state law claims); (2) *Harding v. Causase*, No. CIV 15-316-R (W.D.

Okla. July 11, 2016) (Order adopting R&R that § 1983 action should be dismissed in part pursuant to Fed. R. Civ. P. 12(b)(6) as time-barred and pursuant to 28 U.S.C. § 1915(3)(2)(B)(ii) for failure to state a claim upon which relief may be granted); and (3) *Harding v. Stevens*, No. CIV 15-315-R (W.D. Okla. May 22, 2015) (Order adopting R&R that § 1983 action should be dismissed upon screening for failure to state a claim upon which relief can be granted).

Plaintiff, who is an African American, alleges that on July 27, 2022, while incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, he was denied equal protection and due process, and he was subjected to racial discrimination with respect to an altercation between him and a white inmate. He claims the other inmate approached him in an aggressive manner, and Plaintiff defended himself, resulting in three stitches under his right eye. He asserts he was locked down afterward, while the other prisoner was allowed to stay out of his cell. He also claims he was not allowed to present any witnesses at his disciplinary hearing, and the security camera footage was not considered. Plaintiff was found guilty of fighting, and he was moved to segregation and received other sanctions. The other prisoner allegedly was not disciplined and was allowed to move to a lower security facility. He claims the white defendants purposely discriminated against him. He further complains that the actions of certain officials prevented him from exhausting his administrative remedies. (Dkt. 1 at 9-17).

Here, Plaintiff clearly does not qualify for *in forma pauperis* status because of his history of strikes under 28 U.S.C. § 1915(g). Further, he has not demonstrated he is in imminent danger of serious physical injury and that he qualifies for the exception in § 1915(g). The incident at issue occurred in 2022, and the other inmate has been moved to another facility. Plaintiff, therefore, must pay the required fees for a civil rights action, which are **$350.00 for the filing fee and $52.00 for the administrative fee**. 28 U.S.C. §

1914(a); District Court Fee Schedule.

**ACCORDINGLY,**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is DENIED.

2. Plaintiff is directed to forward **$402.00** for the filing and administrative fees to the Court Clerk within twenty (20) days.

3. The agency having custody of Plaintiff is ordered to release funds from Plaintiff's accounts, including Plaintiff's trust account, for payment of the fees.

4. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 3rd day of February 2023.

Ronald A. White
United States District Judge
Eastern District of Oklahoma